J-S15012-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : IN THE SUPERIOR COURT OF |
| | :      PENNSYLVANIA |
| v. | : |
| SHAWN DAVIS | : |
| Appellant | : No. 2728 EDA 2025 |

Appeal from the PCRA Order Entered August 27, 2025
In the Court of Common Pleas of Lehigh County Criminal Division at
No(s): CP-39-CR-0003203-2020

BEFORE: OLSON, J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY OLSON, J.:          **FILED JULY 28, 2026**

Appellant, Shawn Davis, appeals *pro se* from the August 27, 2025 order entered in the Court of Common Pleas of Lehigh County that denied his petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The PCRA court set forth the procedural posture of the case as follows:

On January 17, 2023, Appellant entered a guilty plea to possession with intent to deliver methamphetamine (2,228.4 grams). [35 P.S. § 780-113(a)(30).] The terms of the plea [agreement] capped his minimum sentence at [60] months[' incarceration]. A pre[-]sentence [investigation] report was ordered and reviewed prior to sentencing. On March 14, 2023, in compliance with the plea agreement, Appellant was sentenced to not less than [60] nor more than [120] months[' incarceration] in a state correctional institution. The sentence imposed was a standard range sentence under the Sentencing Guidelines. No

_____

[*] Former Justice specially assigned to the Superior Court.

direct appeal was pursued. [As such, Appellant's judgment of sentence became final, as discussed *supra*, on April 13, 2023. [1]]

On September 6, 2023, Appellant filed his first petition under the PCRA. The only allegation [contained in the petition] was that there was a "plea deal for 2 years[' incarceration]." Counsel [] was appointed to represent Appellant, and, upon his review, [PCRA counsel] filed a motion to withdraw and a *Finley* letter indicating that Appellant's claims lacked merit.[2] The PCRA] court's independent review of the record confirmed the conclusions of PCRA counsel, and a notice of intention to dismiss

_____

[1] Pursuant to Pennsylvania Rule of Criminal Procedure 720(A)(1), Appellant had until Friday, March 24, 2023, to file a timely post-sentence motion. **See** Pa.R.Crim.P. 720(A)(1) (stating that, "a written post-sentence motion shall be filed no later than 10 days after imposition of sentence"). Appellant filed his post-sentence motion on March 27, 2023. As such, Appellant's post-sentence motion was untimely.

Appellant's untimely post-sentence motion did not toll the 30-day period in which to seek an appeal of his judgment of sentence. **See Commonwealth v. Capaldi**, 112 A.3d 1242, 1244 (Pa. Super. 2015) (stating, "[an] untimely post-sentence motion does not toll the appeal period"); **see also** Pa.R.A.P. 903(a) (stating that, a notice of appeal "shall be filed within 30 days of the entry of the order from which the appeal is taken"). Furthermore, Appellant did not request that the trial court consider his post-sentence motion *nunc pro tunc*. **Capaldi**, 112 A.3d at 1244 (stating, "a post-sentence motion *nunc pro tunc* may toll the appeal period, but only if two conditions are met. First, within 30 days of imposition of sentence, a defendant must request the trial court to consider a post-sentence motion *nunc pro tunc*. [] Second, the trial court must **expressly permit** the filing of a post-sentence motion *nunc pro tunc*, also within 30 days of imposition of sentence." (citation omitted; emphasis in original)). As such, Appellant had until April 13, 2023, to file an appeal challenging his judgment of sentence. **See** Pa.R.A.P. 903(a). Appellant did not file a notice of appeal within the 30-day period following the imposition of his judgment sentence on March 14, 2023. Therefore, Appellant's judgment of sentence became final on April 13, 2023. **See** 42 Pa.C.S.A. § 9545 (stating that, for purpose of a PCRA petition, "a judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review").

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988).

the PCRA petition pursuant to [Pennsylvania Rule of Criminal Procedure] 907(1) was issued. Appellant responded with complaints about PCRA counsel, but did not address his substantive complaints. [The PCRA] court, in correspondence, offered Appellant additional time to respond, but Appellant, in turn, filed an "application to remove present counsel and appointment of new counsel." On January 16, 2024, Appellant's PCRA petition was dismissed[,] and [PCRA] counsel was permitted to withdraw. Appellant thereafter filed a notice of appeal. On February 5, 2025, [this Court] affirmed the denial of Appellant's first PCRA petition. [*See Commonwealth v. Davis*, 335 A.3d 311, 2025 WL 408495 (Pa. Super. filed Feb. 5, 2025) (unpublished memorandum). Appellant did not seek discretionary review with our Supreme Court.]

Appellant filed the current PCRA petition, his second, on [] March 21, 2025. His petition makes numerous allegations of error against [the trial court], plea counsel, and the Commonwealth. The sum of his argument is that he was not fully apprised of the charges against him or the details of the plea [agreement] he was entering. As a result, he is now facing a "negative collateral [immigration] consequence," *i.e.*, potential removal from the country.

Appellant acknowledged that his petition was being filed more than one year after the date [on which his] judgment [of sentence] became final, but alleged that he could prove it was timely pursuant to all three of the PCRA [jurisdictional] time-bar exceptions. [*See* 42 Pa.C.S.A. § 9545(b)(1)(i – iii). The PCRA] court, upon review, found that the exceptions to the [jurisdictional] time-bar had not been proven, and [on April 17, 2025,] issued a notice of intention to dismiss the PCRA petition pursuant to [Rule] 907(1)[. On May 15, 2025, the PCRA court dismissed Appellant's petition. That same day, May 15, 2025, Appellant filed *pro se* a motion for an extension of time to file a response to the Rule 907 notice. On May 28, 2025, the PCRA court granted Appellant an extension of time to file a response. On] July 31, 2025, [Appellant] filed "Appellant's traverse answer/response to the [PCRA] court's improvident intent to dismiss petition without hearing." Appellant[,] in his response[,] offered no additional argument or evidence to bring his petition into compliance with the PCRA [one-year jurisdictional time-bar]. On August 27, 2025, Appellant's second PCRA petition was denied.

PCRA Court Opinion, 10/29/25, at 1-3 (footnote and extraneous capitalization omitted). This appeal followed.[3]

Appellant raises *pro se* the following issues for our review:

I. Where a plea of guilty was unlawfully induced where the circumstances make it [such] that the inducement caused [Appellant] to plead guilty and [Appellant] is innocent, whether [Appellant] filed a timely *pro se* second/subsequent petition [pursuant] to 42 Pa.C.S.A. § 9545(b)(1) under the [PCRA], where the petition falls within all of or any of the exceptions under 42 Pa.C.S.A. § 9545(b)(1)(i - iii) where [Appellant] is raising an issue pursuant to *Padilla v. Kentucky*, 559 U.S. 356, 373, 130 S.Ct. 1473, 1486 (2010) where [Appellant's] plea of guilty triggered an adverse deportation [consequence and the PCRA court erred] in dismissing the matter as time-barred?

II. Whether the [PCRA] court's [determination] was an abuse of discretion where [Appellant] is a [Jamaican,] understood very little English[,] and took a global plea bargain, [] and the PCRA [] court failed to grant [an] evidentiary hearing and [the] appointment of counsel?

Appellant's Brief at 4 (extraneous capitalization omitted).

Our scope and standard of review of an order denying a PCRA petition is well-settled. Proper appellate review of a PCRA court's dismissal of a petition is limited to an examination of "whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa. Super. 2014) (citation omitted). "The PCRA court's findings will not be disturbed unless there is no

---

[3] On September 24, 2025, Appellant filed *pro se* a concise statement of errors complained of on appeal pursuant to Pennsylvania Rule of Appellate Procedure 1925(b). The PCRA court filed its Rule 1925(a) opinion on October 29, 2025.

support for the findings in the certified record." ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted). "This Court grants great deference to the findings of the PCRA court, and we will not disturb those findings merely because the record could support a contrary holding." ***Commonwealth v. Hickman***, 799 A.2d 136, 140 (Pa. Super. 2002) (citation omitted). In contrast, we review the PCRA court's legal conclusions *de novo*. ***Commonwealth v. Henkel***, 90 A.3d 16, 20 (Pa. Super. 2014) (*en banc*), *appeal denied*, 101 A.3d 785 (Pa. 2014).

If a PCRA petition is untimely, courts lack jurisdiction over the claims and cannot grant relief. ***Commonwealth v. Reid***, 235 A.3d 1124, 1143 (Pa. 2020) (stating, "[w]ithout jurisdiction, [courts] simply do not have legal authority to address the substantive claims" (citation and original quotation marks omitted)). As discussed *supra*, Appellant's judgment of sentence became final on April 13, 2023, upon expiration of time for seeking a direct appeal. To be timely filed, a PCRA petition, including second and subsequent petitions, must be filed within one year of the date a petitioner's judgment of sentence becomes final. 42 Pa.C.S.A. § 9545(b)(1). Therefore, Appellant had until Monday, April 15, 2024, to file a timely PCRA petition.[4] Appellant filed the instant petition on March 21, 2025, more than eleven months after the

_____

[4] ***See*** 1 Pa.C.S.A. § 1908 (stating that, whenever the last day of any period of time referred to in a statute "shall fall on Saturday or Sunday, or on any day made a legal holiday by the laws of this Commonwealth or of the United States, such day shall be omitted from the computation").

deadline for filing a timely PCRA petition. Consequently, Appellant's petition is patently untimely.[5]

If a PCRA petition is untimely, the jurisdictional time-bar can only be overcome if the petitioner alleges and proves one of the three statutory exceptions, as set forth in 42 Pa.C.S.A. § 9545(b)(1). ***Commonwealth v. Spotz***, 171 A.3d 675, 678 (Pa. 2017). The three narrow statutory exceptions to the one-year time-bar are as follows: "(1) interference by government officials in the presentation of the claim; (2) newly[-]discovered facts; and (3) an after-recognized constitutional right." ***Commonwealth v. Brandon***, 51 A.3d 231, 233-234 (Pa. Super. 2012), *citing* 42 Pa.C.S.A. § 9545(b)(1)(i - iii). A petition invoking an exception to the jurisdictional time-bar must be filed within one year of the date that the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2). If a petitioner fails to invoke a valid exception to the PCRA time-bar, courts are without jurisdiction to review the petition and provide relief. ***Spotz***, 171 A.3d at 676.

In his *pro se* PCRA petition, Appellant asserts that he satisfied each of the three exceptions to the jurisdictional time-bar. *Pro Se* PCRA Petition, 3/21/25, at ¶ 5. In support of the governmental interference exception, Appellant contends that the Commonwealth undertook actions to "entrap" Appellant into committing the crime for which he pled guilty and that he was

---

[5] Appellant concedes that his instant PCRA petition is untimely. *Pro Se* PCRA Petition, 3/21/25, at ¶ 5.

"denied the right to know and understand the accusations made against him." *Id.* at ¶ 5(I). In support of the newly-discovered facts exception, Appellant asserts that the Commonwealth failed to disclose the events which led to his entrapment and, ultimately, to his guilty plea and that the Commonwealth failed to inform him that his guilty plea would have "negative collateral consequence[s]" on his immigration status and could trigger deportation proceedings. *Id.* at ¶ 5(II). Finally, in support of the after-recognized constitutional right exception, Appellant contends that he was unlawfully induced to enter a guilty plea. *Id.* at ¶ 5(III).

To successfully invoke the governmental interference exception, a "petitioner must plead and prove the failure to previously raise the [underlying] claim was the result of interference by government officials, and the information could not have been obtained earlier with the exercise of due diligence." *Commonwealth v. Abu-Jamal*, 941 A.2d 1263, 1268 (Pa. 2008). Upon review, we concur with, and the record supports, the PCRA court's finding that Appellant failed to invoke the governmental interference exception because he failed to set forth, in his petition, allegations establishing that the government interfered with the presentation of his underlying claims.[6] *See Pro Se* PCRA Petition, 3/21/25, at ¶ 5(I).

_____

[6] The crux of Appellant's underlying claim was that he was unaware of the nature of events and accusations which formed the basis of his criminal conviction, namely that law enforcement enlisted the assistance of a third-party informant to, according to Appellant, "entrap" him into committing

The newly-discovered facts exception "renders a petition timely when the petitioner establishes that [']the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence.[']" ***Commonwealth v. Small***, 238 A.3d 1267, 1271 (Pa. 2020), *quoting* 42 Pa.C.S.A. § 9545(b)(1)(ii). A PCRA court must first determine "whether the facts upon which the claim is predicated were unknown to the petitioner[.]" ***Id.*** at 1282 (original quotation marks omitted). If the PCRA court concludes that the facts were unknown, then the PCRA court must next examine whether "the facts could have been ascertained by the exercise of due diligence, including an assessment of the petitioner's access to public records." ***Id.*** (citation omitted).

Here, Appellant asserts that he only recently learned of the factual basis of the criminal charges, namely the use of a third-party informant, and that his guilty plea may affect his immigration status and cause his deportation. We concur with, and the record supports, the PCRA court's determination that Appellant failed to establish the newly-discovered facts exception to the jurisdictional time-bar. As discussed *supra*, prior to entering his guilty plea,

_____

the criminal offense. Prior to entering his plea of guilty, however, the Commonwealth set forth the factual basis for the criminal charges, including the enlistment of a third-party informant who misled Appellant to believe that his drugs had been stolen and then recorded statements made by Appellant in which he admitted that someone had taken "all of his drugs and all of his money." N.T., 1/17/23, at 11-16. Before entering his plea of guilty, Appellant acknowledged that he understood, and committed, the acts that supported his criminal conviction. ***Id.*** at 16.

Appellant was fully informed by the Commonwealth of the factual basis relied on to support the criminal conviction, namely the evidence obtained through use of a third-party informant. *See* N.T., 1/17/23, at 11-16. Prior to entering his guilty plea, Appellant also completed a written guilty plea colloquy in which Appellant indicated that he had "discussed his citizenship status with [plea counsel]" and that he understood that if he was not a citizen of the United States, his pleading guilty may affect his immigration status and may subject him to removal from the United States.[7] Written Guilty Plea Colloquy, 1/17/23 at ¶¶ 4-5. Therefore, we agree with the PCRA court, and the record supports, that Appellant failed to establish that the facts upon which his claim is based – unaware of the factual basis to support his criminal charges and the effects a guilty plea may have on immigration status – were previously unknown to him.

To invoke the after-recognized constitutional right exception pursuant to Section 9545(b)(1)(iii), a petitioner must plead and prove that (1) "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or [our Supreme Court] after the time provided in

_____

[7] To the question - "If you are <u>not</u> a U.S. citizen, by pleading guilty your immigration status may be affected and you may be subject to removal from the United States. Do you understand this?" – Appellant responded "N/A" or non-applicable. Written Guilty Plea Colloquy, 1/17/23, at ¶ 5. By marking this question as non-applicable, Appellant acknowledged that he reviewed the question and was aware that the entry of a guilty plea to a criminal charge could affect his immigration status and potentially subject him to deportation. Therefore, Appellant cannot now claim that he was unaware of the fact that, by entering a guilty plea, he could affect his immigration status.

[Section 9545]"; and (2) "the right has been held by that court to apply retroactively." **Reid**, 235 A.3d at 1154. In his PCRA petition, Appellant failed to identify the after-recognized constitutional right he was relying on to support an exception to the jurisdictional time-bar. Rather, in response to the statement "The Supreme Court of the United States or the Commonwealth of Pennsylvania has recognized the following retroactive constitutional rights after my period for filing:[,]" Appellant responded,

> A good faith challenge to [an] induced guilty plea pursuant to entrapment. A crime not thereof; that even if [Appellant] did not preserve this issue, it doesn't preclude relief of reversal, [the vacating] of [the] plea-conviction, [or] remand for [an] evidentiary hearing *nunc pro tunc*.

*Pro Se* PCRA Petition, 3/21/25, at ¶ 5(III).[8] We concur with the PCRA court that Appellant is "merely using this exception as a vehicle to advance a claim

---

[8] In his appellate brief, Appellant asserts that "he invoked the [after-recognized constitutional right exception] on the basis of the holding in [**Padilla**, **supra**]." Appellant's Brief at 11. In **Padilla v. Kentucky**, the United States Supreme Court "held that the Sixth Amendment [of the United States Constitution] required an attorney for a criminal defendant to provide advice about the risk of deportation arising from a guilty plea." **Chaidez v. United States**, 568 U.S. 342, 344 (2013). Although the United States Supreme Court in **Chaidez**, **supra**, found that **Padilla**, **supra**, announced a new constitutional right, the High Court held that the new rule did not apply retroactively. **Id.** at 354, 358.

Here, in order to invoke the after-recognized constitutional right exception, Appellant was required to show, *inter alia*, that the new constitutional right upon which he was relying was recognized **after** the expiration of the one-year time period following the date on which his judgment of sentence became final. Appellant's judgment of sentence became final on April 13, **2023**, and, as such, he had until April 15, **2024**, to file a timely PCRA petition. The High

that he should be permitted a 'good faith challenge[']" to what Appellant asserts was an unlawfully-induced guilty plea. Therefore, Appellant failed to establish the after-recognized constitutional right exception to the jurisdictional time-bar.

We discern no error of law or abuse of discretion in the PCRA court's order that dismissed Appellant's petition on the ground that the petition was untimely and without exception. Consequently, the PCRA court was without jurisdiction to address the underlying claims, and this Court is without jurisdiction to address Appellant's claims on appeal.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/28/2026

_____

Court announced the new constitutional right in **Padilla** in **2010**, more than a decade before the deadline by which Appellant was required to file a timely PCRA petition. As such, Appellant cannot rely on the constitutional right announced in **Padilla** to establish the after-recognized constitutional right exception.